**FILED**

FEB 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE LAST BEST BEEF, LLC,

3993 Howard Hughes Pkwy
Suite 830
Las Vegas, Nevada 89109,

                Plaintiff,

    -against-

JON W. DUDAS, in his official capacity as Under
Secretary of Commerce for Intellectual Property and
the Director of the United States Patent and Trademark
Office,

2021 South Clark Place
Arlington, Virginia 22201

    -and-

LYNNE G. BERESFORD, in her official capacity as
the Commissioner for Trademarks for the United
States,

2021 South Clark Place
Arlington, Virginia 22201,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

06 Civ. _____ ( )

CASE NUMBER  1:06CV00307

JUDGE: Rosemary M. Collyer

DECK TYPE: Administrative Agency Rev

DATE STAMP: 02/22/2006

## COMPLAINT

### PRELIMINARY STATEMENT

1.    Plaintiff The Last Best Beef, LLC. (hereinafter "LBB" or "Plaintiff"), brings this

action to challenge the constitutionality of §206 of the Department of Commerce and Related

Agencies Appropriations Act, 2006, Pub. L. No. 109-108, 119 Stat. 2290, 2314 ("§206") insofar

as it is alleged that §206, among other things, violates the doctrine of the separation of powers as set forth in the United States Constitution and improperly denies due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

2.    Plaintiff further brings this action pursuant to 42 U.S.C. § 1983 insofar as §206 has been enforced to the detriment of Plaintiff, depriving Plaintiff of rights secured by the United States Constitution, particularly the Fifth and Fourteenth Amendments thereto, and further deprived Plaintiff of rights secured by the Lanham Act (15 U.S.C. 1051, *et seq.*). Specifically, defendants Jon W. Dudas and Lynne G. Beresford (collectively the "Defendants"), acting in their official capacities, caused the United States Patent and Trademark Office to, among other things, cancel two (2) of Plaintiff's trademark registrations under the ambit of applying §206, in contravention of law.

3.    In essence, §206 improperly circumvents the Lanham Act, the exclusive source of trademark law, by depriving the right to registration and use of a trademark which meets all of the requirements of the Lanham Act. Section 206 accomplishes this circumvention by usurping the power and exclusive authority of the United States Patent and Trademark Office, a department of the Executive Branch, to enforce the Lanham Act as presently enacted and placing such power of enforcement, in violation of the doctrine of separation of powers, in the hands of the Legislature.

4.    Indeed, the purpose of §206, as stated by it's author, United States Senator Conrad Burns (Montana), is to prevent the registration of the subject mark which Senator Burns alleges "belongs to Montana." Such a "reservation" of a mark based upon an unfounded claim

- 2 -

of "entitlement" is not proper under the Lanham Act, and the constitutional ills and injuries created by §206 can only be redressed by the relief sought herein.

### JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon the Court by Article III of the United States Constitution, 28 U.S.C. §1331, 28 U.S.C. §1343, insofar as certain relief is sought herein under 42 U.S.C. §1983, and 15 U.S.C. §1122, waiving the sovereign immunity of the United States Government insofar as certain relief is sought herein under the Lanham Act.

6. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

### PARTIES

7. Plaintiff The Last Best Beef LLC is a Nevada limited liability company with a principal place of business located at 3993 Howard Hughes Pkwy., Suite 830, Las Vegas, NV 89109.

8. Defendant Jon W. Dudas is the Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office ("USPTO"). Pursuant to 35 U.S.C. §3(a)(2)(A), *et. seq.*, Defendant Dudas is responsible for making rules and regulations for the conduct of proceedings in the USPTO, providing policy direction and management supervision for the USPTO and for the issuance of patents and the registration of trademarks.

NY1 26402196.1

9.    Defendant Lynne G. Beresford is the Commissioner for Trademarks for the United States. Pursuant to 35 U.S.C. §3(b)(2)(A), *et. seq.,* Defendant Beresford is the chief operating officer for the operations of the United States Patent and Trademark Office (the "USPTO") relating to trademarks, and is responsible for the management and direction of all aspects of the activities of the USPTO that affect the administration trademark operations.

## FACTS APPLICABLE TO ALL CLAIMS

### A.    LBB's Trademark Registrations and Applications

10.    On December 16, 1992, U.S. Trademark Application Serial No. ("Serial No.") 74340409, for the mark "Last Best Place Catalog," was filed with the USPTO. On July 12, 1993, Serial No. 74411252, for the mark "The Last Best Place Catalogue Company," was filed with the USPTO.

11.    In accordance with the standard application process, both applications were substantively examined by USPTO examining attorneys to determine whether they met the statutory requirements for registration.

12.    Thereafter, on July 12, 1994, Serial No. 74340409 (for the mark "Last Best Place Catalog") was issued to registration as U.S. Trademark Registration No. ("Registration No.") 1845246. On February 14, 1995, Serial No. 74411252 (for the mark "The Last Best Place Catalogue Company") was issued to registration as Registration No. 1879361.

13.    Registration No. 1845246 secures the phrase "Last Best Place Catalog" for use in connection with "retail mail order services featuring products from the state of Montana." Registration No. 1879361 secures phrase "The Last Best Place Catalog Company" for use in

- 4 -

connection with "retail mail order services featuring products from Montana and including products from other western States."

14.     In or about December 2003, LBB was assigned ownership of Registration Nos. 1845246 and 1879361.  LBB renewed Registration No. 1845246 in 2005, and the registration is currently in good standing.   Registration No. 1879361 was not renewed by LBB and was subsequently cancelled.

15.     Between 2001 and 2004 LBB filed the following eight applications to register the mark "The Last Best Place" with the USPTO in connection with a variety of goods and services: (i) Serial No. 76/355243, filed 1/4/02, for travel information services (Class 39); (ii) Serial No. 76/355577, filed 1/4/02, for hotel and lodge services, namely providing lodging and restaurant services (Class 43); (iii) Serial No. 78/463753, filed 8/6/04, for retail and catalog sales services featuring clothing and accessories, kitchenware, beverageware, cookware, bakeware, paper goods and printed matter, giftware, arts and crafts, food products, souvenirs and novelty items (Class 35) and real estate brokerage services (Class 36); (iv) Serial No. 78/463754, filed 8/6/04, for real estate and land development services, namely, planning and development of residential and/or commercial communities (Class 37); (v) Serial No. 76/299658, filed 8/13/01, pots, pans, plates, bowls, grills, beverageware, cookware (namely, skillets, dutch ovens, trivets, casscroles and griddles) and bakeware (Class 21); (vi) Serial No. 76/299659, filed 8/13/01, for clothing and accessories, namely, menswear and menswear accessories, womenswear and womenswear accessories and childrenswear and childrenswear accessories (Class 25); (vii) Serial No. 76/299660, filed 8/13/01, for meat and food products comprised in whole or in part of meat (Class 29), and (viii) Serial No. 78/148103, filed 7/26/2002, for necklaces; earrings; ornamental pins; pins being jewelry; bracelets; watches (Class 14), blankets, namely bed blankets, blanket

- 5 -

throws, afghans; bed pads, bed sheets; bed linen; bed spreads; comforters; pillow cases; pillow covers; table linen; towels; bath linen; curtains; handkerchiefs; household linen; linen; mattress covers; mattress pads; quilts; shower curtains (Class 24), and clothing, namely shirts, blouses, pants, sweaters, skirts, jackets, coats, pajamas, robes, hats, belts, shoes, boots, slippers, ties, tops, bottoms, wraps, jerseys, socks, cardigans, underwear, stockings, slips, and shorts (Class 25).

16.    In accordance with the standard application process, all eight applications were substantively examined by USPTO examining attorneys to determine whether they met the statutory requirements for registration.

17.    In due course, from August 13, 2001 (i.e., the time the first application was filed with the USPTO) to November 22, 2005, (i.e., the time the first registrations with respect to these applications was issued) the eight applications were approved by the USPTO to proceed.

18.    On November 22, 2005, the UPSTO granted registration for two of LBB's applications.    Specifically, application Serial No. 76/355243 was issued to registration as Registration No. 3018188, and application Serial No. 76/355577 was issued to registration as Registration No. 3018189 by the USPTO.

19.    As of November 22, 2005, two other applications, Serial No. 78/463753 and Serial No. 78/463754, had been opposed before the Trademark Trial and Appeal Board in Opposition Nos. 91167192 and 91166060, respectively, by the Montana State Department of Commerce (collectively, the "Oppositions").

20.     The Oppositions were based upon the argument that the phrase "Last Best Place" is a primarily geographically descriptive term that identifies the State of Montana, and therefore allegedly not entitled to registration under the Lanham Act.

21.     The remaining four applications were not opposed and had been issued "Notices of Allowance," allowing registration pending proof of use.   The issuance of the Notices of Allowance were as follows:   (i) Serial No. 76/299658 on May 25, 2004; (ii) Serial No. 76/299659 on July 26, 2005; (iii) Serial No. 76/299660 on July 26, 2005; and (iv) Serial No. 78/148103 on August 16, 2005.

22.     Later on November 22, 2005, upon information and belief, the same day that the USPTO issued Registration Nos. 3018188 and 3018189 for "The Last Best Place," President Bush signed the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, 119 Stat. 2290, 2314 (the "2006 Act") into law.   The 2006 Act is an omnibus continuing budget resolution providing funds for Department of Commerce and related agencies for the 2006 fiscal year.

**B.     Section 206**

23.     Section 206 of the 2006 Act states, in pertinent part:

> "Notwithstanding any other provision of this act, no funds appropriated under this act shall be used to register, issue, transfer or enforce any trademark of the phrase 'Last Best Place.'"

24.     United States Senator Conrad Burns (Montana), the author of §206, upon information and belief, has publicly stated that the purpose this language is to prevent registration of the mark "Last Best Place," which he alleges "belongs to the State of Montana."

- 7 -

25.    Upon information and belief, the State of Montana does not hold any registration or ownership for the phrase "Last Best Place."

## C.    Applicable Provisions of the Lanham Act

26.    15 U.S.C. § 1121 grants sole jurisdiction over the registration of trademarks to the Lanham Act and the administration of said act to the USPTO:

> § 1121. Jurisdiction of Federal courts; State and local requirements that registered trademarks be altered or displayed differently; prohibition
>
> (a) The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.
>
> (b) No State or other jurisdiction of the United States or any political subdivision or any agency thereof may require alteration of a registered mark, or require that additional trademarks, service marks, trade names, or corporate names that may be associated with or incorporated into the registered mark be displayed in the mark in a manner differing from the display of such additional trademarks, service marks, trade names, or corporate names contemplated by the registered mark as exhibited in the certificate of registration issued by the United States Patent and Trademark Office.

27.    The right to the registration of a trademark is set forth in 15 USC §1052, which states, in pertinent part:

> "**No trademark** by which the goods of the applicant may be distinguished from the goods of others **shall be refused registration on the principal register on account of its nature unless it:**
>
> (a) Consists of or comprises immoral, deceptive, or scandalous matter; or matter which may disparage or falsely suggest a

NY1 26402196.1

connection with persons, living or dead, institutions, beliefs, or national symbols, or bring them into contempt, or disrepute; or a geographical indication which, when used on or in connection with wines or spirits, identifies a place other than the origin of the goods and is first used on or in connection with wines or spirits by the applicant on or after one year after the date on which the WTO Agreement (as defined in section 3501(9) of Title 19) enters into force with respect to the United States.

(b) Consists of or comprises the flag or coat of arms or other insignia of the United States, or of any State or municipality, or of any foreign nation, or any simulation thereof.

(c) Consists of or comprises a name, portrait, or signature identifying a particular living individual except by his written consent, or the name, signature, or portrait of a deceased President of the United States during the life of his widow, if any, except by the written consent of the widow.

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive...

\*     \*     \*

(e) Consists of a mark which (1) when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them, (2) when used on or in connection with the goods of the applicant is primarily geographically descriptive of them, except as indications of regional origin may be registrable under section 1054 of this title, (3) when used on or in connection with the goods of the applicant is primarily geographically misdescriptive of them, (4) is primarily merely a surname, or (5) comprises any matter that, as a whole, is functional. (Emphasis supplied.)

## D.     §206 Usurping of the Lanham Act

28.     It is axiomatic that the United States Congress can amend any law provided the law is amended in due and proper course.

29.    The 2006 Act does <u>not</u> amend or purport to amend the Lanham Act (15 USC 1051, *et seq.*).

30.    The 2006 Act does not direct the amendment of the Rules of Practice in Trademark Cases for the USPTO (37 CFR Part 2, *et seq.*).

31.    Notwithstanding the fact that no Constitutional or other authority existed for such action, following the enactment of the 2006 Act, on January 3, 2006, the USPTO cancelled the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103.

32.    On January 5, 2006 the USPTO further issued a Cancellation Order with respect to Reg. No. 3018188, stating, in full:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, § 206, 119 Stat. 2290, 2314, Registration No. 3,018,188 issued to the Last Best Beef, LLC on November 22, 2005 for the mark LAST BEST PLACE is hereby ordered cancelled."

33.    On January 5, 2006, the USPTO also issued a Cancellation Order with respect to Reg. No. 3018189, stating, in full:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, § 206, 119 Stat. 2290, 2314, Registration No. 3,018,189 issued to the Last Best Beef, LLC on November 22, 2005 for the mark LAST BEST PLACE is hereby ordered cancelled."

34.    Defendant Beresford was the signatory on both of the aforesaid Cancellation Orders.

35.    On January 18, 2006, all action by the USPTO with respect to Serial Nos. 76/299658, 76/299659, 76/299660, 78/148103, and 78/148103 was suspended.  Each of the "Notices of Suspension," stated, in pertinent part:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108 § 206, 119 Stat. 2290, 2314, the Notice of Allowance for this application has been cancelled. The application is suspended until October 1, 2006. During the suspension, the applicant must notify the Office of any change in its correspondence address, including any change in the authorized e-mail address."

36.    By reason of §206, LBB has suffered: (i) the loss of the two registrations for the mark "Last Best Place" issued by the USPTO; (ii) the loss of the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103; (iii) the suspension of all action on its pending applications in contravention of the Lanham Act; (iv) the threatened loss of its pending registrations relating to the same, and (v) the loss of the right to transfer Registration No. 1845246, issued to registration, and in use for, over a decade prior to the enactment of §206.

37.    Upon information and belief, the damage to LBB is likely to continue as §206 can be extended by Congress upon the expiration of the 2006 Act.

38.    Plaintiffs loss and threatened further losses will be redressed by a favorable decision in the action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

39.    15 USCA §1064(c) states, in relevant part, a registered trademark may <u>only</u> be cancelled in the following limited circumstances:

- 11 -

\*    \*    \*

(3) At any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, or its registration was obtained fraudulently or contrary to the provisions of section 1054 of this title or of subsection (a), (b), or (c) of section 1052 of this title for a registration under this chapter, or contrary to similar prohibitory provisions of such prior Acts for a registration under such Acts, or if the registered mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services on or in connection with which the mark is used. If the registered mark becomes the generic name for less than all of the goods or services for which it is registered, a petition to cancel the registration for only those goods or services may be filed. A registered mark shall not be deemed to be the generic name of goods or services solely because such mark is also used as a name of or to identify a unique product or service. The primary significance of the registered mark to the relevant public rather than purchaser motivation shall be the test for determining whether the registered mark has become the generic name of goods or services on or in connection with which it has been used.

40.    Registration Nos. 3018188 and 3018189 were cancelled specifically by reason of §206.

41.    As such, registration Nos. 3018188 and 3018189 were improperly cancelled because the reason for such cancellations has no connection to any of the permissible statutory grounds for cancellation of a trademark registration under the Lanham Act.

42.    No nexus exists between the prohibition in §206 and any permissible ground for cancellation under the Lanham Act.

43.    The USPTO has indicated to representatives of LBB that it acted under proper authority for its actions described herein, to wit arguing §206 is proper with respect to the foregoing and disputes that the cancellations were improper.

NY1 26402196.1

44.     A justiciable controversy exists between the parties herein and a judicial determination of the rights and obligations of the parties with respect to their obligations under the Lanham Act is necessary in order that the rights and obligations of the parties may be determined and adjudged.

45.     By reason of the foregoing, LBB is entitled to a judgment declaring that Registration Nos. 3018188 and 3018189 were cancelled improperly, and further that 3018188 and 3018189 should be reinstated in full, with the date of said registration being recorded as November 22, 2005, *nunc pro tunc*.

46.     Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Mandatory Injunction)

LBB repeats and realleges the foregoing and further alleges:

47.     Defendants' cancellation of Registration Nos. 3018188 and 3018189 will cause LBB such irreparable harm as, *inter alia*, the loss of the substantial benefits of the ownership of a valuable intellectual property, to wit the trademark "Last Best Place" for use in connection with the respective goods and/or services set forth in the subject registrations.

48.     LBB has no adequate remedy at law.

49.     By reason of the foregoing, LBB is entitled to judgment granting a mandatory injunction requiring Defendants to immediately reinstate Registration Nos. 3018188 and 3018189 in full, with the date of said registration being recorded as November 22, 2005, *nunc pro tunc*.

NY1 26402196.1

## AS AND FOR A THIRD CAUSE OF ACTION
### (Declaratory Injunction)

LBB repeats and realleges the foregoing and further alleges:

50.    The Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103 were cancelled improperly because no provision of the Lanham Act or 37 CFR Part 2, *et seq.* allows for such cancellation for the purported basis stated.

51.    Upon information and belief, the USPTO disputes that the cancellations were improper.

52.    A justiciable controversy exists between the parties herein and a judicial determination of the rights and obligations of the parties with respect to their obligations under the Lanham Act is necessary in order that the rights and obligations of the parties may be determined and adjudged.

53.    By reason of the foregoing, LBB is entitled to a judgment declaring that the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103 were cancelled improperly, that same should be reinstated in full, and that the Notices of Suspension with respect to these applications should be immediately withdrawn.

54.    Plaintiff has no adequate remedy at law.

NY1 26402196.1

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Mandatory Injunction)

LBB repeats and realleges the foregoing and further alleges:

55.    Defendants' cancellation of the Notices of Allowance with respect to Serial Nos.
76/299658, 76/299659, 76/299660 and 78/148103 will cause LBB such irreparable harm as, *inter
alia*, the loss of the substantial benefits of the ownership of a valuable intellectual property, to
wit the trademark "Last Best Place" for use in connection with the respective goods and/or
services set forth in the subject applications.

56.    By reason of the foregoing, LBB is entitled to judgment granting a mandatory
injunction requiring Defendants to immediately reinstate the Notices of Allowance with respect
to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103 in full.

57.    LBB has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Violation the U.S. Constitution)

LBB repeats and realleges the foregoing and further alleges:

58.    15 U.S.C. § 1121 grants sole jurisdiction over the registration of trademarks to the
Lanham Act and the enforcement of said act to the USPTO.

59.    The USPTO is an agency within the Department of Commerce, established
pursuant to 35 USC §1(a).

60.    The Department of Commerce is a department within the Executive Branch.

- 15 -

NY1 26402196.1

61.    Section 206 improperly usurps the power to enforce the Lanham Act from the UPSTO by forbidding the USPTO from acting on valid trademark applications.

62.    Section 206 has the purpose and effect of altering the legal rights, duties and relations of persons in contravention of law.

63.    As such, §206 violates the separation of powers set forth by the United States Constitution by improperly usurping the power to enforce a valid law (the Lanham Act, as currently enacted) from the Executive Branch, and granting said power to the Legislative Branch.

### AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of 42 U.S.C § 1983 and the U.S. Constitution)

LBB repeats and realleges the foregoing and further alleges:

64.    The Fifth and Fourteenth Amendments to the United States Constitution guarantees equal protection under the law, and that any rights conferred to an individual may only be infringed upon or taken by due process of law.

65.    Section 206 is arbitrarily denies due process to any applicant for a trademark of the phrase "Last Best Place" by preventing any action by the USPTO to register, issue or transfer such mark including, by definition, any appeal by such applicant to the Trademark Trial and Appeal Board for any order of cancellation.

66.    Acting under the purported authority of §206, the USPTO has arbitrarily deprived LBB of Registration Nos. 3018188 and 3018189 without due process.

- 16 -

67. Section 206 further arbitrarily prohibits the transfer of Registration No. 1845246, securing the mark Last Best Place Catalog, issued to registration by the USPTO over a decade before §206 was enacted, without due process.

68. Accordingly, §206 violates the Fifth and Fourteenth Amendments to the United States Constitution.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### (Attorneys Fees Pursuant to 42 USC §1988[b])

LBB repeats and realleges the foregoing and further alleges:

69. Insofar as the present action seeks redress pursuant to 42 USC §1983, LBB seeks an award of the reasonable attorney's fees, costs and expenses incurred as a result of the prosecution of the action, pursuant to 42 U.S.C. §1988(b).

**WHEREFORE,** Plaintiff prays that this Honorable Court enter:

(1)    A judgment declaring that Registration Nos. 3018188 and 3018189 were cancelled improperly by the USPTO, and further declaring that the USPTO should reinstate, in full, Registration Nos. 3018188 and 3018189, with the date of said registration being recorded as November 22, 2005, *nunc pro tunc;*

(2)    A judgment in the nature of a mandatory injunction requiring the USPTO to immediately reinstate Registration Nos. 3018188 and 3018189 in full, with the date of said registration being recorded as November 22, 2005, *nunc pro tunc;*

NY1 26402196.1

(3)         A judgment declaring that: (a) the USPTO improperly cancelled the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103; (b) that same should be reinstated in full, and (c) that the Notices of Suspension with respect to these applications should be immediately withdrawn;

(4)         A judgment in the nature of a mandatory injunction requiring Defendants to immediately reinstate the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103 in full;

(5)         A judgment declaring that §206 violates the separation of powers set forth in the United States Constitution by improperly usurping the power to enforce a valid law (the Lanham Act, as currently enacted) from the Executive Branch, and granting said power to the Legislative Branch;

(6)         A judgment declaring that §206 violates the Fifth and Fourteenth Amendments to the United States Constitution;

(7)         A judgment, insofar as the present action seeks redress pursuant to 42 USC §1983, awarding Plaintiff reasonable attorney's fees, costs and expenses incurred as a result of the prosecution of the action, pursuant to 42 U.S.C. §1988(b); and

(8)    A judgment granting such other and further relief as this Court

finds necessary and proper.

Respectfully submitted,

Alexander X. Jackins (473288)
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
Tel: (202) 463-2400
Fax:  (202) 828-5393

and

David M. Monachino (DM 1527)
Eddy Salcedo (ES 3391)
Seyfarth Shaw LLP
1270 Avenue of the Americas
New York, New York 10020
Tel: (212) 218-5500
Fax: (212) 218-5526

NY1 26402196.1