UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Last Best Beef, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jon W. Dudas, in his official capacity, as Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office, and Lynne G. Beresford, in her official capacity as the Commissioner for Trademarks for the United States,<br><br>　　　　　Defendants. | Case No. 1:06CV00307 (RMC) |

## PLAINTIFF'S MOTION FOR AN EXPEDITED TRIAL

Plaintiff, by its undersigned counsel and pursuant to LCvR 7(a), respectfully moves this Court to issue an order directing an immediate court conference in this matter to set an expedited: (a) trial date, or (b) briefing schedule for dispositive motions, or, in the alternative, for an order pursuant to LCvR 26.2 exempting the action from the initial disclosure requirements of F.R.Civ.P. 26 (a)(1). The grounds for this Motion are more fully set out in the accompanying Memorandum.

DC1 30162026.1

Dated: March 3, 2006

Respectfully submitted,

The Last Best Beef, LLC

_____/s/_____
Alexander X. Jackins, VSB (473288)
Seyfarth Shaw, LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, DC 20006
Tel: (202) 463-2400
Email: ajackins@seyfarth.com

And

David M. Monachino (DM 1527)
Eddy Salcedo (ES 3391)
Seyfarth Shaw, LLP
1270 Avenue of the Americas
New York, New York 10020
Tel: (212) 218-5500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Last Best Beef, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Jon W. Dudas, in his official capacity, )<br>as Under Secretary of Commerce for, )<br>Intellectual Property and the Director, )<br>of the United States Patent, )<br>and Trademark Office and )<br>Lynne G. Beresford, in her official capacity )<br>as the Commissioner for Trademarks )<br>for the United States, )<br>)<br>Defendants. )<br>_____) | Case No. 1:06CV00307 (RMC) |

**MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR AN EXPEDITED TRIAL</u>**

Plaintiff The Last Best Beef LLC ("LBB" or "Plaintiff"), by its undersigned counsel, and pursuant to LCvR 7(a), respectfully submits this Memorandum of Points and Authorities in support of its motion for an order directing an immediate court conference in this matter to set an expedited: (a) trial date, or (b) briefing schedule for dispositive motions, or, in the alternative, for an order pursuant to LCvR 26.2 exempting the action from the initial disclosure requirements of F.R.Civ.P. 26 (a)(1). As set forth below, it is Plaintiff's position that no discovery is required in this matter, because the causes of action set forth in the

NY1 26406883.1

underlying complaint present purely questions of law for this Court to determine[1].

By this action, Plaintiff challenges, *inter alia*, the constitutionality of §206 of the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, 119 Stat. 2290, 2314 ("§206") insofar as it has deprived Plaintiff of rights secured by the United States Constitution, particularly the Fifth and Fourteenth Amendments thereto, and the Lanham Act (15 U.S.C. 1051, *et seq.*).

Section 206 of the 2006 Act states, in pertinent part:

> "Notwithstanding any other provision of this act, no funds appropriated under this act shall be used to register, issue, transfer or enforce any trademark of the phrase 'Last Best Place.'"

Defendants Jon W. Dudas and Lynne G. Beresford (collectively the "Defendants"), acting in their official capacities, caused the United States Patent and Trademark Office ("USPTO") to, among other things: (i) cancel two (2) registrations for the mark "Last Best Place" previously issued to Plaintiff by the USPTO; (ii) cancel the Notices of Allowance (the immediate procedural precursors to a full trademark registration) with respect to four (4) other applications of Plaintiff for the mark "Last Best Place;" and (iii) suspend all action on Plaintiff's two (2) remaining pending applications, all under the ambit of applying §206, in contravention of existing law.

---

[1] Pursuant to Local Rule 7(m), Daniel Vanhorn, Esq., Deputy Chief, Civil Division US Attorney's Office for the District of Columbia was contacted on March 1, 2006, to discuss the present motion. Mr. Vanhorn indicated that as of that time the matter had not yet been assigned to specific counsel, and that as such his office took no position with respect to the motion. Mr. Vanhorn further indicated that as soon as counsel was assigned, he would forward such information. As of the time of the making of this motion, Petitioner had not been contacted. All motion papers will be served upon Mr. Vanhorn as per his instructions for ultimate forwarding to the assigned counsel.

15 U.S.C. § 1121 grants sole jurisdiction over the registration of trademarks to the Lanham Act and the administration of said act to the USPTO:

> § 1121. Jurisdiction of Federal courts; State and local requirements that registered trademarks be altered or displayed differently; prohibition
>
> (a) The district and territorial courts of the United States shall have original jurisdiction and the courts of appeal of the United States (other than the United States Court of Appeals for the Federal Circuit) shall have appellate jurisdiction, of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.
>
> (b) No State or other jurisdiction of the United States or any political subdivision or any agency thereof may require alteration of a registered mark, or require that additional trademarks, service marks, trade names, or corporate names that may be associated with or incorporated into the registered mark be displayed in the mark in a manner differing from the display of such additional trademarks, service marks, trade names, or corporate names contemplated by the registered mark as exhibited in the certificate of registration issued by the United States Patent and Trademark Office.

The right to the registration of a trademark is set forth in 15 USC §1052, which states, in pertinent part:

> "**No trademark** by which the goods of the applicant may be distinguished from the goods of others **shall be refused registration on the principal register on account of its nature unless it**:
>
> (a) Consists of or comprises immoral, deceptive, or scandalous matter; or matter which may disparage or falsely suggest a connection with persons, living or dead, institutions, beliefs, or national symbols, or bring them into contempt, or disrepute; or a geographical indication which, when used on or in connection with wines or spirits, identifies a place other than the origin of the goods and is first used on or in connection with wines or spirits by the applicant on or after one year after the date on which the WTO

> Agreement (as defined in section 3501(9) of Title 19) enters into force with respect to the United States.
>
> (b) Consists of or comprises the flag or coat of arms or other insignia of the United States, or of any State or municipality, or of any foreign nation, or any simulation thereof.
>
> (c) Consists of or comprises a name, portrait, or signature identifying a particular living individual except by his written consent, or the name, signature, or portrait of a deceased President of the United States during the life of his widow, if any, except by the written consent of the widow.
>
> (d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive…
>
> \* \* \*
>
> (e) Consists of a mark which (1) when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them, (2) when used on or in connection with the goods of the applicant is primarily geographically descriptive of them, except as indications of regional origin may be registrable under section 1054 of this title, (3) when used on or in connection with the goods of the applicant is primarily geographically misdescriptive of them, (4) is primarily merely a surname, or (5) comprises any matter that, as a whole, is functional.

(Emphasis supplied.)

Section 206 does not amend the Lanham Act in any manner, make any change to the policies to be followed by the USPTO with respect to enforcement of the Lanham Act, or otherwise modify, change or alter controlling law. As such, §206 improperly circumvents the Lanham Act, the exclusive statutory source of trademark law, by depriving Plaintiff of the right to registration and use of a trademark which nevertheless meets all of the requirements of the Lanham Act for such registration. Plaintiff argues §206 accomplishes this circumvention by usurping the power and exclusive authority of the USPTO, a department of

the Executive Branch, to enforce the Lanham Act as presently enacted and placing such power of enforcement, in violation of the doctrine of separation of powers, in the hands of the Legislature.

The accompanying affidavit of Laurence E. Lipson, sworn to on February 20, 2006 (the "Lipson Aff."), sets forth in detail the history of Plaintiff's trademark applications and use of the phrase "Last Best Place," as well as Plaintiff's dealings with the USPTO prior to and following the enactment of §206.

Although it is not necessarily relevant to the technical nature of the instant application, the purpose of §206, as stated by it's author United States Senator Conrad Burns (Montana), is to prevent the registration of the subject mark which Senator Burns alleges "belongs to Montana." Such a "reservation" of a mark based upon an unfounded claim of "entitlement" is not proper under the Lanham Act, and the constitutional ills and injuries created by §206 can only be redressed by the relief sought in this action.

A justiciable controversy exists between the parties herein and a judicial determination of the rights and obligations of the parties with respect to their obligations under the Lanham Act is necessary in order that the rights and obligations of the parties may be determined and adjudged.

The expedited relief sought hereby is warranted in this instance because no issue of fact needs to be developed through discovery, and §206 by its express terms has removed LBB's ability to pursue any administrative appeal; indeed, by definition §206's prohibition on the expenditure of any federal funds "…to register, issue, transfer or enforce any trademark of the phrase 'Last Best Place'" also must prohibit the USPTO from hearing any appeal on the

conduct of the office with respect to this matter or taking any action to undo the cancellations of registration and suspensions.

By reason of the considerably limited legal issues at bar, the arbitrary nature of §206, and the substantial harm which LBBs stands to suffer absent a prompt resolution of the dispute between the parties, it is respectfully submitted that the instant motion should be granted in its entirety. No application for similar relief has been previously requested.

For all the reasons set forth herein, in the accompanying complaint, in the Lipson Aff. and the memorandum of law, it is respectfully submitted that Plaintiff's motion should be granted in all respects together with such other and further relief as the Court deems just and proper.

Dated: March 3, 2006

Respectfully submitted,

The Last Best Beef, LLC

By: _____
Alexander X. Jackins (473288)
Seyfarth Shaw LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
Tel: (202) 463-2400
Email: AJackins@Seyfarth.com

and

David M. Monachino (DM 1527)
Eddy Salcedo (ES 3391)
Seyfarth Shaw LLP
1270 Avenue of the Americas
New York, New York 10020
Tel: (212) 218-5500