UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
----------------------------------------x
THE LAST BEST BEEF, LLC,

                    Plaintiff,

-against-

JON W. DUDAS, in his official capacity as Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office, and LYNNE G. BERESFORD, in her official capacity as the Commissioner for Trademarks for the United States,

                    Defendants.
----------------------------------------x

Case No. 1:06CV00307 (RMC)

**AFFIDAVIT IN SUPPORT OF MOTION**

STATE OF CALIFORNIA  )
                              ) ss.:
COUNTY OF LOS ANGELES)

LAURENCE E. LIPSON, being duly sworn and says:

**I.    Introduction**

1.    I am Vice President of plaintiff The Last Best Beef, LLC ("LBB" or "Plaintiff"). I respectfully submit this affidavit in support of LBB's present motion, brought by order to show cause, for an order directing an immediate court conference in this matter to set an expedited: (a) trial date; or, in the alternative, (b) briefing schedule for dispositive motions.

2.    As set forth in the accompanying Memorandum Of Points And Authorities In Support Of Plaintiff's Motion, dated March 3, 2006, my lawyers inform me that LBB's complaint raises no questions which would require either discovery or factual disputes, and rest solely on a purely legal analysis of whether §206 of the Department of Commerce and Related

NY1 26405420.1

- 2 -

Agencies Appropriations Act, 2006, Pub. L. No. 109-108, 119 Stat. 2290, 2314 ("§206") violates the Constitution of the United States.

3. As fully detailed herein, LBB has fully complied with all of the legal requirements of the Lanham Act and the procedural requirements, promulgated there under, of the United States Patent and Trademark Office ("USPTO") to obtain full and proper trademark registrations. The unlawful cancellation of two registrations previously granted by the USPTO, interference with the use of another previously granted, and active, registration, and literal stonewalling of a remaining six (6) trademark applications stands to cause, and has caused, considerable harm to LBB, and will continue to so harm Plaintiff until such time as §206 is given force and effect.

## II.  LBB's Trademark Registrations and Applications

4. As set forth below, the USPTO has issued federal trademarks to registration for the phrase "The Last Best Place," most notably two marks currently owned by LBB which were issued to registration over a decade ago. Indeed, as also set forth in detail below, LBB additionally holds two Montana State trademarks for the phrase "The Last Best Place" which were issued to registration in 2004.

5. On December 16, 1992, U.S. Trademark Application Serial No. ("Serial No.") 74340409, for the mark "Last Best Place Catalog," was filed with the USPTO. On July 12, 1993, Serial No. 74411252, for the mark "The Last Best Place Catalogue Company," was filed with the USPTO.

6. Thereafter, on July 12, 1994, after a substantive examination of the applications by USPTO examining attorneys, Serial No. 74340409 (for the mark "Last Best Place Catalog") was issued to registration as U.S. Trademark Registration No. ("Registration No.") 1845246, a copy of which is annexed hereto as Exhibit "A." On February 14, 1995, Serial No. 74411252 (for the mark "The Last Best Place Catalogue Company") was issued to registration as Registration No. 1879361, a copy of which is annexed hereto as Exhibit "B."

7. Registration No. 1845246 secures the phrase "Last Best Place Catalog" for use in connection with "retail mail order services featuring products from the state of Montana." Registration No. 1879361 secures phrase "The Last Best Place Catalog Company" for use in connection with "retail mail order services featuring products from Montana and including products from other western States."

8. In or about December 2003, LBB was assigned ownership of Registration Nos. 1845246 and 1879361. LBB renewed Registration No. 1845246 in 2005, and the registration is currently in good standing. See, Exhibit "C" hereto. Registration No. 1879361 was not renewed by LBB and was subsequently cancelled.

9. Between 2001 and 2004 LBB filed the following eight applications to register the mark "The Last Best Place" with the USPTO in connection with a variety of goods and services: (i) Serial No. 76/355243, filed 1/4/02; (ii) Serial No. 76/355577, filed 1/4/02; (iii) Serial No. 78/463753, filed 8/6/04; (iv) Serial No. 78/463754, filed 8/6/04; (v) Serial No. 76/299658, filed 8/13/01; (vi) Serial No. 76/299659, filed 8/13/01; (vii) Serial No. 76/299660, filed 8/13/01; and (viii) Serial No. 78/148103, filed 7/26/2002. See, Exhibit "D" hereto.

10. I am informed by counsel that in accordance with the standard application process, all eight applications were substantively examined by USPTO examining attorneys to determine whether they met the statutory requirements for registration. I am further informed that in due course, from August 13, 2001 (i.e., the time the first application was filed with the USPTO) to November 22, 2005, (i.e., the time the first registrations with respect to these applications was issued) the eight applications were approved by the USPTO to proceed.

11. On November 22, 2005, the USPTO granted registration for two of LBB's applications. Specifically, application Serial No. 76/355243 was issued to registration as Registration No. 3018188, and application Serial No. 76/355577 was issued to registration as Registration No. 3018189 by the USPTO. See, Exhibit "E" hereto.

12. I am further informed by counsel that as of November 22, 2005, two other applications, Serial No. 78/463753 and Serial No. 78/463754, had been opposed before the Trademark Trial and Appeal Board in Opposition Nos. 91167192 and 91166060, respectively, by the Montana State Department of Commerce (collectively, the "Oppositions"). See, Exhibit "F" hereto. I am also informed that the Oppositions were based upon the argument that the phrase "Last Best Place" is a primarily geographically descriptive term that identifies the State of Montana, and therefore allegedly not entitled to registration under the Lanham Act.

13. The remaining four applications were not opposed and had been issued "Notices of Allowance," allowing registration pending proof of use. The issuance of the Notices of Allowance were as follows: (i) Serial No. 76/299658 on May 25, 2004; (ii) Serial No. 76/299659 on July 26, 2005; (iii) Serial No. 76/299660 on July 26, 2005; and (iv) Serial No. 78/148103 on August 16, 2005. See, Exhibit "G" hereto.

NY1 26405420.1

14. LBB is also the owner of two Montana State trademark registrations for the phrase "The Last Best Place," both of which were issued to registration on February 19, 2004. Registration T228-35-23224 is for "real estate and land development services," and Registration T228-36-23225 is for "lodging and restaurant services." See Exhibit "L" hereto.

### III. The Enactment of Section 206 and The Subsequent Damage to LBB

15. Later on November 22, 2005, the same day that the USPTO issued Registration Nos. 3018188 and 3018189 for "The Last Best Place," President Bush signed the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, 119 Stat. 2290, 2314 (the "2006 Act") into law. The 2006 Act is an omnibus continuing budget resolution providing funds for Department of Commerce and related agencies for the 2006 fiscal year.

16. Section 206 of the 2006 Act states, in pertinent part:

> "Notwithstanding any other provision of this act, no funds appropriated under this act shall be used to register, issue, transfer or enforce any trademark of the phrase 'Last Best Place.'"

17. It has been reported in several local newspapers that United States Senator Conrad Burns (Montana), the author of §206 has declared that the purpose this provision is to prevent registration of the mark "Last Best Place," which he alleges "belongs to the State of Montana." I am informed by counsel that the State of Montana does not hold any registration or ownership for the phrase "Last Best Place."

18. Nevertheless, on January 3, 2006, citing §206 the USPTO cancelled the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103. See Exhibit "H" hereto.

19. On January 5, 2006 the USPTO further issued a Cancellation Order with respect to Reg. No. 3018188, stating, in full:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, § 206, 119 Stat. 2290, 2314, Registration No. 3,018,188 issued to the Last Best Beef, LLC on November 22, 2005 for the mark LAST BEST PLACE is hereby ordered cancelled." See Exhibit "I" hereto.

20. On January 5, 2006, the USPTO also issued a Cancellation Order with respect to Reg. No. 3018189, stating, in full:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108, § 206, 119 Stat. 2290, 2314, Registration No. 3,018,189 issued to the Last Best Beef, LLC on November 22, 2005 for the mark LAST BEST PLACE is hereby ordered cancelled." See Exhibit "J" hereto.

21. Defendant Beresford was the signatory on both of the aforesaid Cancellation Orders.

22. On January 18, 2006, all action by the USPTO with respect to Serial Nos. 76/299658, 76/299659, 76/299660, 78/148103, and 78/148103 was suspended. Each of the "Notices of Suspension," stated, in pertinent part:

> "Consistent with the Department of Commerce and Related Agencies Appropriations Act, 2006, Pub. L. No. 109-108 § 206, 119 Stat. 2290, 2314, the Notice of Allowance for this application has been cancelled. The application is suspended until October 1, 2006. During the suspension, the applicant must notify the Office of any change in its correspondence address, including any change in the authorized e-mail address." See Exhibit "K" hereto.

23. By reason of §206, LBB has suffered: (i) the loss of the two registrations for the mark "Last Best Place" issued by the USPTO; (ii) the loss of the Notices of Allowance with respect to Serial Nos. 76/299658, 76/299659, 76/299660 and 78/148103; (iii) the suspension of

- 6 -

all action on its pending applications in contravention of the Lanham Act; (iv) the threatened loss of its pending registrations relating to the same; and (v) the loss of the right to transfer Registration No. 1845246, issued to registration, and in use for, over a decade prior to the enactment of §206.

24.  Moreover, I am informed by counsel that due to the prohibition set forth in §206 about the USPTO expending any funds to process our trademarks, Plaintiff cannot even administratively appeal the acts by the USPTO, and, accordingly, has been deprived of its rights under the Lanham Act without due process of law and with no viable recourse except for the present action.

25.  The lost intellectual property represent a significant investment and assets to Plaintiff, and property Plaintiff is entitled to under the Lanham Act.

26.  I am informed by counsel that there has been no amendment or provision of the Lanham Act which would prohibit the registration of the subject trademarks, and that but for §206 none of the harm to Plaintiff would have occurred.

27.  It seems that §206 was designed to intentionally "reserve" the subject marks for the State Montana, but I am informed that such a "reservation" is improper under any of the controlling statutory law.

28.  Indeed, the patent injustice of the situation is made salient by the fact that the State of Montana issued two marks to LBB for the phrase "The Last Best Place" over a year before the enactment of §206. Consequently, even Senator Burns' assertion about Montana's purported rights to this phrase raises no question of fact for this Court to determine.

NY1 26405420.1

## IV.   Conclusion

29.   A rapid resolution of this dispute would greatly reduce the harm being done to Plaintiff, and it is respectfully submitted that such a prompt resolution is supported by the circumstances and pure legal issues at bar.

30.   For the foregoing reasons it is respectfully submitted that this motion be granted in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

_____
LAURENCE E. LIPSON

Sworn to before me this
20 day of February, 2006

_____
Notary Public



MARINE TER-POGOSYAN
Comm. # 1377722
NOTARY PUBLIC - CALIFORNIA
Los Angeles County
My Comm. Expires Oct. 1, 2006

NY1 26405420.1