UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAST BEST BEEF, LLC, </br></br>            Plaintiff, </br></br>      v. </br></br> JON W. DUDAS, in his official capacity </br> as Director of the United States Patent and </br> Trademark Office, et al., </br></br>            Defendants. | )</br>)</br>)</br>)</br>)   Civil Action No. 06-0307 (RMC)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

**DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER**

Defendants Jon W. Dudas, in his official capacity as Director of the United States Patent and Trademark Office, and Lynne G. Beresford, in her official capacity as Commissioner for Trademarks, respectfully move to dismiss this case for improper venue, or in the alternative to transfer it to the Eastern District of Virginia, pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a).[1]  In support of this Motion, defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities.  A proposed Order is attached.[2]

---

[1] Although as a dispositive motion, this filing is exempt from LCvR 7(m)'s requirement to confer about the requested relief, as explained infra, the undersigned counsel of record did discuss with opposing counsel the fact that Plaintiff has filed in the wrong district.  Shortly after that discussion, Plaintiff filed with the Court its Motion for an Expedited Trial, Document No. 9.

[2] Defendants specifically reserve and do not waive any other grounds for the dismissal of this action, such as failure to state a claim.  Because Plaintiff has moved the Court for relief even in advance of the filing of Defendants' answer in this case, this Motion is filed well in advance of the deadline for the filing Defendants' answer in this case (April 24, 2006).  As discussed in the Memorandum filed in support of this Motion, the Court should resolve the threshold question of venue before addressing any other issue.

Respectfully submitted,

  /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

  /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

  /s/
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAST BEST BEEF, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-0307 (RMC) |
| | ) |
| JON W. DUDAS, in his official capacity | ) |
| as Director of the United States Patent and | ) |
| Trademark Office, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR FOR TRANSFER**

Plaintiff has brought this action complaining of actions by the United States Patent and Trademark Office ("USPTO"), which plaintiff alleges, inter alia, cancelled "two (2) of Plaintiff's trademark registrations." Compl. at ¶ 2. Plaintiff also challenges the constitutionality of Section 206 of the Department of Commerce and Related Agencies Appropriations Act, Pub. L. No. 109-108, Compl. at ¶ 1, and purports to brings claims against the defendants under 42 U.S.C. § 1983. Compl. at ¶ 2 (but acknowledging defendants were at all times "acting in their official capacities"). However, the actions Plaintiff complains of did not happen in the District of Columbia, and Plaintiff resides in Las Vegas, Nevada, not in this district. Compl. at 1 (caption) and ¶ 7 (Plaintiff is "a Nevada limited liability company"). Moreover, the USPTO's principal offices are in Alexandria, Virginia, which is in the Eastern District of Virginia, not this district. Compl., Caption (erroneously listing USPTO's address as Arlington, Virginia, also in the Eastern District of Virginia). Congress specifically has directed, in 35 U.S.C. § 1(b), that the USPTO shall be deemed for civil venue purposes "to be a resident of the district in which its principal

office is located." Accordingly, the general venue statute, 28 U.S.C. § 1391(e), bars plaintiff from proceeding with his lawsuit in this district. The Court should dismiss this action pursuant to 28 U.S.C. § 1406(a) and Fed. R. Civ. P. 12(b)(3), or in the alternative transfer it to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a) or 1406(a).

## BACKGROUND

The United States Attorney's Office for the District of Columbia was served with Plaintiff's Summons and Complaint on February 23, 2006. Thus, Defendants' answer is due by April 24, 2006. Shortly after the filing of its Complaint in this case, On March 3, 2006, Plaintiff moved the Court for "an expedited trial." Document No. 9, dated March 3, 2006. That motion currently is pending before the Court.[3]

Plaintiff's Complaint accuses the USPTO of cancelling or suspending certain trademark applications in response to a new statutory provision. Compl. at ¶¶ 29-38. The Complaint names as the only Defendants the Director of the USPTO in his official capacity and the Commissioner of Trademarks in her official capacity. Compl. at ¶¶ 8-9.

For many years, the principal office of the USPTO has been located in the Eastern District of Virginia, first in Arlington, Virginia, and more recently in Alexandria, Virginia. See www.uspto.gov; In re Munson, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the

---

[3] As explained in the opposition to Plaintiff's motion, filed contemporaneously herewith, if Plaintiff truly needs expedited treatment of its claim, it should have avoided filing its Complaint in the wrong court and, as suggested by the undersigned, avoided needless briefing on venue by voluntarily dismissing its Complaint and re-filing in the proper district: the Eastern District of Virginia. The fact that Plaintiff's Complaint still is pending in this Court strikes of forum shopping more than a party seeking "expedited treatment."

Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); Boundy v. USPTO, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia"); Compl. at 1 (caption with address of Defendants as "2021 South Clark Place, Arlington, Virginia 22201").

## ARGUMENT

**I.  THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED FOR IMPROPER VENUE.**

It is well established that Plaintiff bears the burden of showing the Court that the forum it has chosen constitutes the proper venue for the action. See, e.g., Freeman v. Fallin, 254 F. Supp.2d 52, 56 (D.D.C. 2003). Plaintiff claims that venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2). Compl. at ¶ 6. That provision is not applicable to the federal government. The applicable venue provision is 28 U.S.C. § 1391(e). Section 1391(e), provides that an action not involving property that is brought against the United States, an agency of the United States, or an officer or employee of the United States or one of its agencies acting in his or her official capacity, may be brought only where: (1) "a defendant in the action resides"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or where (3) "the plaintiff resides."[4]

---

[4] Section 1391(e) does permit another venue (or jurisdiction) provision to control if it is "otherwise provided by law." 28 U.S.C. § 1391(e). Examples of such other specific statutes include: Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3); 35 U.S.C. § 32 (granting jurisdiction for this Court with regard to hearing appeals of attorney discipline issued by the USPTO); 35 U.S.C. § 145 (granting jurisdiction in this Court to review a USPTO Board of Patent Appeals and Interferences decision); and 35 U.S.C. § 146 (granting jurisdiction in this Court in a USPTO patent interference when the adverse parties are from different States or the adverse party is from a foreign country). See Boundy v. USPTO, No. 01-879, 2002 WL

The District of Columbia does not meet any of Section 1391(e)'s three conditions for venue. Taking the conditions in reverse order, <u>first</u>, Plaintiff resides in Nevada, not here. <u>See</u> Compl. at 1 (caption with Plaintiff's address). <u>Second</u>, Plaintiff is complaining about actions of the USPTO that occurred in the Eastern District of Virginia. The USPTO's principal office is in Alexandria, Virginia, and that is where all of USPTO's trademark examiners are located, where the USPTO's trademark registration takes place, and where the Director of the USPTO and the Commissioner of Trademarks reside for venue purposes. <u>See</u> 35 U.S.C. § 1(b). <u>See</u> also <u>In re Munson</u>, No. 03-5034, 2003 WL 21396874, at *1 (D.C. Cir. 2003) (holding, pursuant to 35 U.S.C. § 1(b), "[b]ecause the PTO's principal office is located in the Eastern District of Virginia, the PTO's residence is deemed to be in the Eastern District of Virginia."); <u>Boundy v. USPTO</u>, No. 01-879, 2002 WL 32166534, at *2 (D.D.C. 2002) (holding 35 U.S.C. § 1(b) "is an explicit statute that vests residence of the agency in the Eastern District of Virginia"); www.uspto.gov. The only possible nexus with this district is that, to the extent that Plaintiff is challenging the constitutionality of a statutory provision, Congress itself is in Washington, D.C. However, Congress specifically has directed that venue for actions against the USPTO lies in the Eastern District of Virginia. 35 U.S.C. § 1(b). To base venue on the mere fact that Congress passed a statutory provision in this district would undermine Congress' intent in enacting 35 U.S.C. § 1(b) and 28 U.S.C. § 1391(e) and allow <u>any</u> federal question to proceed in this district.

<u>Third</u>, neither the USPTO nor any Defendant resides in this district. In fact, the USPTO does not maintain any offices in this district. www.uspto.gov. Congress expressly provided that:

---

32166534, at *2 (D.D.C. 2002) (generally discussing the meaning of "otherwise provided by law"). None of these provisions are implicated in this case.

- 4 -

> The United States Patent and Trademark Office shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located, except where jurisdiction is otherwise provided by law.

35 U.S.C. § 1(b).[5] The USPTO's principal office is in Alexandria, Virginia in the Eastern District of Virginia and the USPTO has no offices in the District of Columbia. See www.uspto.gov. Plaintiff's Complaint does not identify any specific allegation or reason for venue to lie in this district. To the contrary, Plaintiff's Complaint states that the Defendants reside in Arlington, Virginia, Compl. at 1 (caption), and complains about conduct of the USPTO.

Plaintiff may attempt to rely on the fact that the Department of Commerce or Congress can be found in this district. Courts have held that cannot trump the unambiguous terms of 35 U.S.C. § 1(b), which provides the USPTO "shall" be deemed to reside where its principal office is located. Boundy v. USPTO, 2002 WL 32166534 (D.D.C. October 2, 2002) (rejecting contention that venue lies in this district because United States Department of Commerce, of which the USPTO is a part, is here and transferring case to the Eastern District of Virginia because "the clear mandate of Congress is to place venue in the Eastern District of Virginia"). See also MCI Telecommunications Corp. v. FCC, 765 F.2d 1186, 1191 (D.C. Cir. 1985) ("'Shall,' the Supreme Court has stated, 'is the language of command' . . . ; '[a]bsent a clearly expressed legislative intention to the contrary,' courts ordinarily regard such statutory language as conclusive.") (citations omitted); Donnell v. National Guard Bureau, 568 F. Supp. 93, 95 (D.D.C. 1983) (rejecting claim that military department defendant, physically located in Virginia but with Washington, D.C. mailing address, was estopped from relying on its actual location for venue purposes).

---

[5] See note 1 supra for a discussion of the phrase "otherwise provided by law."

Plaintiff's Complaint merely asserts in a conclusory manner that "a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district." Compl. at ¶ 6. However, Plaintiff's Complaint does not appear to involve any conduct or action occurring in this district. Plaintiff does not identify any particular duties or actions allegedly performed here, nor does Plaintiff offer any explanation for why Plaintiff believes that notwithstanding the unambiguous terms of § 1(b), the alleged actions would make the USPTO's Director and the Commissioner of Trademarks, sued in their official capacities, residents of this district. Such a vague and unsupported allegation is insufficient, even under the liberal pleading requirements of the federal rules. In the analogous context of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the First Circuit has explained that even in resolving a motion to dismiss, conclusory factual allegations should not be credited:

> [W]hile the plaintiff's "facts" must be accepted as alleged, this does not automatically extend to "[b]ald assertions, subjective characterizations and legal conclusions," . . . . [T]he price of entry, even to discovery, is for the plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome. Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition.

DM Res., Inc. v. College of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (quoting decision below).

Plaintiff's Complaint lists a variety of actions, all of which occurred at the USPTO in the Eastern District of Virginia. For example, Plaintiff alleges that it filed trademark applications with the USPTO, Compl. at ¶ 15, that the applications were examined by USPTO attorneys, Compl. at ¶ 16, that certain of the applications were opposed before the USPTO, Compl. at ¶ 19, that the USPTO "cancelled the Notices of Allowances," Compl. at ¶ 31, that the USPTO issued

"Cancellation Order[s]," Compl. at ¶ 32-33, and that the USPTO "suspended" all action on certain applications, Compl. at ¶ 35. Each of these allegations involves purported actions or inaction by the USPTO in the Eastern District of Virginia. <u>See, e.g.</u>, Compl. at 43.

The Director of the USPTO's office is physically located at 600 Dulany Street, Alexandria, Virginia, 22313. Plaintiff contends that the Defendants reside in Arlington, Virginia. Compl. at 1 (caption). Regardless, both of these locations are in the Eastern District of Virginia. Moreover, treating the Director of the USPTO as resident in this district would again be inconsistent with the provision in 35 U.S.C. § 1(b) that the organization he leads "shall be deemed" to be resident where "its principal office is located," that is, in the Eastern District of Virginia. Plaintiff is suing the Director in his official capacity, so he should be deemed to reside in the same place as his office.

Finally, Plaintiff's efforts to establish venue in this district based on actions of Congress itself would effectively nullify § 1(b). If it were the case that the mere enactment of a statutory provision by Congress would create venue in this district, then venue would lie here for any federal civil lawsuit, eviscerating § 1(b) and § 1392(e).

## II.     EVEN IF VENUE WERE PROPER IN THIS DISTRICT, THIS CASE SHOULD BE TRANSFERRED FOR CONVENIENCE AND IN THE INTEREST OF JUSTICE.

The preceding argument demonstrated that venue is not proper in the District of Columbia and accordingly this case must be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). In the alternative, if the Court should determine that venue is proper here, this case should nevertheless be transferred to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). That provision authorizes the Court to transfer a case under three conditions: (1) there

is another judicial district in which the action properly may have been brought; (2) the convenience of the parties and witnesses would be better served in the alternative district; and (3) transfer is in the interest of justice.  See Claasen v. Brown, No. 94-1018 (GK), 1996 WL 79490, at *5-6 (D.D.C. Feb. 16, 1996).  Each condition is satisfied in the present case.

  Plaintiff could properly have brought this action in the Eastern District of Virginia, where the USPTO resides, pursuant to the first prong of the venue statute in § 1391(e).

  Moreover, considerations of convenience and justice weigh in favor of transferring this action to the Eastern District of Virginia.  "Although Plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer."  See Claasen at *6.  The express terms of 35 U.S.C. § 1(b) evince Congressional intent that the USPTO be treated for venue purposes as resident where its principal office is located, which is in the Eastern District of Virginia.  Moreover, the trademark applications Plaintiff is concerned about were filed and are pending in the Eastern District of Virginia.  In contrast, there appears to be no connection between Plaintiff's claims and this district.  Plaintiff resides in Nevada.  Plaintiff's attorneys are employed by a large national law firm, Seyfarth Shaw, LLP, which should be able to appear in Alexandria, Virginia just as easily as here.  In fact, Plaintiff's Complaint lists attorneys in both Washington, D.C. and New York, New York.  Compl. at 19.  The witnesses and materials related to this case are found in the Eastern District of Virginia.  Plaintiff, as a Nevada corporation, will not be in any way disadvantaged by transferring this case to the Eastern District of Virginia.

## CONCLUSION

The Court should either dismiss this action or transfer it to the Eastern District of Virginia.

Respectfully submitted,

/s/

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/

R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/

PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 307-0372