UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAST BEST BEEF, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0307 (RMC) |
| ) | |
| JON W. DUDAS, in his official capacity ) | |
| as Director of the United States Patent and ) | |
| Trademark Office, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION**
**FOR AN EXPEDITED TRIAL**

This is an action challenging, inter alia, certain alleged conduct of the United States Patent and Trademark Office ("USPTO") as well as the constitutionality of a statutory provision applicable to the USPTO. See, e.g., Compl. at ¶¶ 2-3. Defendants Jon W. Dudas, in his official capacity as Director of the United States Patent and Trademark Office, and Lynne G. Beresford, in her official capacity as Commissioner for Trademarks, respectfully oppose Plaintiff's Motion for an Expedited Trial. Document No. 9, filed March 3, 2006.[1] Plaintiff's motion seeks: an expedited trial date, or entry of a briefing schedule for dispositive motions, or, alternatively, exemption from the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1). Pl. Mot. at 1.

Plaintiff's motion should be rejected because Plaintiff has ignored the applicable local and federal procedural rules and because venue does not lie in this district. Furthermore, Plaintiff's requested relief already is available to Plaintiff by operation of the rules or is

---

[1] Contemporaneous with the filing of this Opposition, Defendant has moved to dismiss this case for improper venue, or, in the alternative, to transfer it to the Eastern District of Virginia pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §§ 1404(a) and 1406(a).

inapplicable to this case. Moreover, Plaintiff's proposed "order to show cause" includes additional relief not the subject of its motion and thus seems nothing more than an attempt to gain more relief than Plaintiff actually requested in its moving papers. Pl. Prop. Order at 2 (that Defendant's opposition to its motion must be "received by Plaintiff's counsel . . . no later than three (3) business days before the return date of this motion").[2] Plaintiff's motion also is incorrect insofar as footnote one indicates that the United States Attorney's Office for the District of Columbia had not taken a position on Plaintiff's motion as of the date and time of its filing. In fact, prior to the filing of Plaintiff's motion, the undersigned counsel of record, AUSA Peter S. Smith, informed Plaintiff's counsel that Defendants oppose the relief requested in Plaintiff's motion <u>and</u> addressed the fact that venue is improper in this district.[3] Plaintiff's counsel stated that although it was too late to change the text of the motion, that he would inform the Court of Defendants' position.[4] To date, Plaintiff's counsel has not done so. During this conversation, Plaintiff's counsel also seemed to acknowledge that this case could have been brought in the Eastern District of Virginia, where the USPTO is located. Despite this discussion, Plaintiff went forward with its Motion for an Expedited Trial.

As previously noted, Plaintiff's motion seeks: an expedited trial date or entry of a briefing

---

[2] Since the Court has not granted Plaintiff's motion and entered its proposed order, this opposition is filed in accordance with the time limits in Local Civil Rule 7(b). Moreover, this district does not follow the practice of entering motion "return dates."

[3] The undersigned also suggested that Plaintiff avoid getting bogged down in briefing and voluntarily dismiss its Complaint here and re-file it in the Eastern District of Virginia.

[4] This conversation occurred shortly before 10 a.m. on March 3, 2006. The undersigned's e-mail notice indicates that Plaintiff's motion actually was filed later that day via the Court's ECF system.

schedule for dispositive motions, or, alternatively, exemption form the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1). Pl. Mot. at 1. As an action brought challenging an agency action, this matter already is exempted from the "requirements of Fed. R. Civ. P. 26(a)(1)." See Fed. R. Civ. P. 26(a)(1)(E)(I); LCvR 16.3(b). For the same reason, it seems a trial in this matter would be unnecessary. Finally, Fed. R. Civ. P. 56(a) provides that a plaintiff in a civil suit may file a motion for summary judgment "at any time after the expiration of twenty days from the commencement of the action." Thus, there is no reason for the Court to grant Plaintiff's requested relief since it is already provided for under the rules.

At bottom, and as is clear from the caption of its motion, Plaintiff wants the Court to "expedite" this case. As made clear in Defendants' Motion to Dismiss filed contemporaneously herewith, Plaintiff should have first filed in the proper district. The undersigned counsel raised this fact with counsel for Plaintiff prior to the filing of Plaintiff's motion. Furthermore, Plaintiff has chosen not to move for a preliminary injunction pursuant to LCvR 65.1(c), although its proposed "order to show cause" functions with similar time limits. Of course, had Plaintiff moved for a preliminary injunction ("PI"), it would have had to meet the applicable legal test. Thus, Plaintiff's instant motion seems merely to be an attempt to obtain the something akin to a PI while sidestepping the applicable legal requirements.

Finally, Plaintiff attached to its motion the affidavit of Laurence E. Lipson. Mr. Lipson fails the personal knowledge requirement for many of his assertions. See Fed. R. Ev. 602 (lack of personal knowledge bars introduction of evidence). For example, paragraphs 2 and 24-27 of his affidavit set forth legal conclusions about the operation of a statutory provision upon Plaintiff's business.

Because Plaintiff is seeking relief already available to it without an order from the Court, merely by operation of the rules, and because Plaintiff chose to go forward with this motion despite its failure to file its action in the proper venue, Plaintiff's motion should be denied.

>Respectfully submitted,
>
>        /s/
>KENNETH L. WAINSTEIN, D.C. BAR # 451058
>United States Attorney
>
>        /s/
>R. CRAIG LAWRENCE, D.C. BAR # 171538
>Assistant United States Attorney
>
>        /s/
>PETER S. SMITH, D.C. BAR # 465131
>Assistant United States Attorney
>555 Fourth Street, N.W.
>Washington, D.C. 20530
>(202) 307-0372